1  PAUL L. REIN, Esq. (SBN 43053)
   PATRICIA BARBOSA, Esq. (SBN 125865)
2  JULIE A. MCLEAN, Esq. (SBN 215202)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Dr., Suite A
   Oakland, CA 94612
4  (510) 832-5001

5  Attorneys for:
   Plaintiff RICHARD STICKNEY

6

7  KENNETH D. SIMONCINI, P.C. (SBN 145586)
   KERRI A. JOHNSON, ESQ. (SBN 138344)
8  LESLIE WAGLEY, ESQ. (SBN 215281)
   SIMONCINI & ASSOCIATES
9  Attorneys at Law
   1694 The Alameda
10 San Jose, CA 95126-2219
   (408) 280-7711
11
   Attorney for Defendants
12 CALIFORNIA GRAND CASINO, INC. and
   LAMAR V. WILKINSON
13

14              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
15

16 RICHARD STICKNEY,                CASE NO. C04-3552 CW
                                    Civil Rights
17         Plaintiff,

18 v.                               **CONSENT DECREE AND ORDER**

19
   CALIFORNIA GRAND CASINO,
20 INC.; LAMAR V. "WILL"
   WILKINSON; and DOES 1-25,
21 Inclusive,

22
           Defendants.
23
   _____/
24

25              **CONSENT DECREE AND ORDER**

26     1.   Plaintiff RICHARD STICKNEY filed this action on

27 August 25, 2004, to enforce provisions of the Americans with

28 Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.,

1   and California civil rights laws against Defendants, CALIFORNIA

2   GRAND CASINO, INC. and LAMAR V. "WILL" WILKINSON; and DOES 1

3   through 25, Inclusive.  Plaintiff has alleged that Defendants

4   CALIFORNIA GRAND CASINO, INC. and LAMAR V. "WILL" WILKINSON

5   violated Title III of the ADA and sections 51, 52, 54.1, and 55

6   of the California Civil Code, and sections 19955 *et seq.*, of

7   the California Health and Safety Code by failing to provide

8   full and equal access to their facilities at the California

9   Grand Casino when plaintiff visited the subject facility on

10  October 11, 2003.

11      2.   Defendants CALIFORNIA GRAND CASINO, INC. and LAMAR V.

12  "WILL" WILKINSON ("Defendants") deny the allegations in the

13  Complaint and by entering into this Consent Decree and Order do

14  not admit liability to any of the allegations in Plaintiff's

15  Complaint filed in this action.  The parties hereby enter into

16  this Consent Decree and Order for the purpose of resolving this

17  lawsuit without the need for protracted litigation, and without

18  the admission of any liability.

19

20  **JURISDICTION**:

21      3.   The parties to this consent decree agree that the

22  Court has jurisdiction of this matter pursuant to 28 USC §1331

23  for violations of the Americans with Disabilities Act of 1990,

24  42 USC 12101 *et seq.* and pursuant to pendant jurisdiction for

25  violations of California Health & Safety Code §19955 *et seq.*,

26  including §19959; Title 24 California Code of Regulations; and

27  California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

28      4.   In order to avoid the costs, expense, and uncertainty

LAW OFFICES OF
PAUL L. REIN
2001 LAKESIDE DR. SUITE A

2

1   of protracted litigation, the parties to this consent decree

2   agree to entry of this Order to resolve all claims regarding

3   injunctive relief and damages raised in the Complaint filed

4   with this Court on August 25, 2004.  Accordingly, they agree to

5   the entry of this Order without trial or further adjudication

6   of any issues of fact or law concerning plaintiff's claims for

7   injunctive relief or damages.

8          WHEREFORE, the parties to this consent decree hereby

9   agree and stipulate to the Court's entry of this Consent Order,

10  which provides as follows:

11

12  **SETTLEMENT OF INJUNCTIVE RELIEF**:

13      5.   This Order shall be a full, complete, and final

14  disposition and settlement of Plaintiff's claims against

15  Defendants for injunctive relief that have arisen out of the

16  subject Complaint.  The parties agree that there has been no

17  admission or finding of liability or violation of the ADA

18  and/or California civil rights laws, and this Consent Decree

19  and Order should not be construed as such.

20      6.     The parties agree and stipulate that the corrective

21  work will be performed in compliance with the standards and

22  specifications for disabled access as set forth in the

23  California Code of Regulations, Title 24-2 and Americans with

24  Disabilities Act Accessibility Guidelines, unless other

25  standards are specifically agreed to in this Consent and Order:

26      a)   Remedial Measures: The injunctive relief agreed upon

27  by the Parties is attached as **Attachment A** to this Consent

28  Decree, which is incorporated herein by reference as if fully

LAW OFFICES OF
PAUL L. REIN

3

1    set forth in this document.  Defendants agree to undertake all

2    remedial work set forth in **Attachment A**.  As to those items

3    with one or more indicated alternative solutions, defendants

4    may comply by carrying out the alternative of their choice.

5        b)   Timing of Injunctive Relief:  Defendants will submit

6    plans for all corrective work within 30 days of entry of this

7    consent decree and order by the court, will commence work

8    within 30 days of receiving approval from the building

9    department, and will complete work within 60 days of

10   commencement.  In the event that unforeseen difficulties

11   prevent defendants from completing any of the agreed-upon

12   injunctive relief, defendants or their counsel will notify

13   plaintiff's counsel in writing within 15 days of discovering

14   the delay.  The parties agree to meet and confer in good faith

15   regarding any dispute before seeking relief from the Court.

16   Defendant or his counsel will notify plaintiff's counsel when

17   the corrective work is completed, and in any case will provide

18   a status report no later than 120 days from the entry of this

19   consent decree.

20

21   **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

22            7.    Defendants shall pay to plaintiff the amount of

23   $15,000.00 in full and final resolution of all claims for

24   personal injury damages, civil rights damages and any other

25   damages claimed in this action.  Payment shall be made by check

26   made to "Paul L. Rein in Trust for Richard Stickney" no later

27   than twenty days from execution of this agreement.

28

1        8.   The parties have not reached an agreement regarding

2   plaintiff's claims for attorney fees, litigation expenses and

3   costs.   These issues shall be the subject of further

4   negotiation or motion to the Court.

5

6   **ENTIRE CONSENT ORDER:**

7        9.   This Consent Order and Attachment A to this Consent

8   Decree, which is incorporated herein by reference as if fully

9   set forth in this document, constitutes the entire agreement

10  between the parties on the matters of injunctive relief and

11  damages, and no other statement, promise, or agreement, either

12  written or oral, made by any of the parties or agents of any of

13  the parties, that is not contained in this written Consent

14  Order, shall be enforceable regarding the matters of injunctive

15  relief described herein.   This consent decree applies to

16  plaintiff's claims for injunctive relief and damges only and

17  does not resolve plaintiff's claims for attorney's fees,

18  litigation expenses and costs, which shall be the subject of

19  further negotiation and/or litigation.

20

21  **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

22       10.   This Consent Order shall be binding on Plaintiff

23  RICHARD STICKNEY, Defendants, CALIFORNIA GRAND CASINO, INC;

24  LAMAR V. WILKINSON; and any successors in interest.   The

25  parties have a duty to so notify all such successors in

26  interest of the existence and terms of this Consent Order

27  during the period of the Court's jurisdiction of this consent

28  decree.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR  SUITE A

5

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO**

**INJUNCTIVE RELIEF AND DAMAGES ONLY:**

11.   Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief and damages aspects of this action only and does not include resolution of plaintiff's claims for attorney fees, litigation expenses and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR. SUITE A

6

1  costs.

2      12.   Except for all obligations required in this Consent

3  Decree, and exclusive of the referenced continuing claim for

4  damages, statutory attorney fees, litigation expenses and

5  costs, each of the parties to this Consent Decree, on behalf of

6  each, their respective agents, representatives, predecessors,

7  successors, heirs, partners and assigns, releases and forever

8  discharges each other Party and all officers, directors,

9  shareholders, subsidiaries, joint venturers, stockholders,

10  partners, parent companies, employees, agents, attorneys,

11  insurance carriers, heirs, predecessors, and representatives of

12  each other Party, from all claims, demands, actions, and causes

13  of action of whatever kind or nature, presently known or

14  unknown, arising out of or in any way connected with the

15  Lawsuit.

16

17  **TERM OF THE CONSENT ORDER**:

18      13.   This Consent Order shall be in full force and effect

19  for a period of twelve (12) months after the date of entry of

20  this Consent Order, or until the injunctive relief contemplated

21  by this Order is completed, whichever occurs later.   The Court

22  shall retain jurisdiction of this action to enforce provisions

23  of this Order for twelve (12) months after the date of this

24  Consent Decree, or until the injunctive relief contemplated by

25  this Order is completed, whichever occurs later.

26

27  **SEVERABILITY**:

28      14.   If any term of this Consent Decree and Order is

1    determined by any court to be unenforceable, the other terms of

2    this Consent Decree and Order shall nonetheless remain in full

3    force and effect.

4

5    **SIGNATORIES BIND PARTIES**:

6         15.   Signatories on the behalf of the parties represent

7    that they are authorized to bind the parties to this Consent

8    Decree and Order.

9

10   Dated: September 7, 2005

11

12                                         _____
                                            Plaintiff RICHARD STICKNEY

13   Dated: September 7, 2005

14

15                                         _____
                                            Defendant CALIFORNIA GRAND

16                                          CASINO, INC.

17   Dated: September 7, 2005

18

19                                         _____
                                            Defendant LAMAR V. WILKINSON

20

21   APPROVED AS TO FORM:

22   Dated: September 7, 2005          PAUL L. REIN
                                        PATRICIA BARBOSA
23                                      JULIE A. MCLEAN
                                        LAW OFFICES OF PAUL L. REIN
24

25                                     _____
                                        Attorneys for Plaintiff
26                                      RICHARD STICKNEY

27

28

LAW OFFICES OF
PAUL L. REIN
2001 LAKESIDE DR., SUITE A

8

1  Dated: September 7, 2005          KENNETH D. SIMONCINI
                                     KERRI A. JOHNSON
2                                    LESLIE WAGLEY
                                     SIMONCINI & ASSOCIATES
3

4                                    _____
                                     Attorney for Defendants
5                                    CALIFORNIA GRAND CASINO, INC.;
                                     LAMAR V. WILKINSON
6

7

8                                    **ORDER**

9  Pursuant to stipulation, and for good cause shown, **IT IS SO**

10 **ORDERED**.

11

12 Dated:    9/13        , 2005
                                     _____
13                                   Honorable Claudia Wilken
                                     United States District Judge

14

15

16

17                          IT IS SO ORDERED

18                          *Claudia Wilken*

19                          Judge Claudia Wilken

20

21

22

23

24

25

26

27

28

**Attachment A to Consent Decree and Order**
**Richard Stickney v. California Grand Casino, Inc., et al.**
**CASE NO. C04-3552 CW**
Page 1 of 2

The following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief as set forth in the action filed by Richard Stickney on August 25, 2004 in the United States District Court, Case No. C04-3552 CW.

The parties agree that the corrective work set forth in this Attachment A will be performed in compliance with the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

1. **Parking:** Defendants will provide four (4) fully compliant disabled accessible parking spaces as close as practicable to the accessible entrance, one of which will be configured and designated a van accessible parking space. Signage which complies with Title 24 and ADAAG standards will be installed, and an accessible path of travel will be provided from each of the accessible parking spaces to the accessible entrance of the casino.

2. **Path of Travel from Public Right-of-Way:** Defendants will provide an accessible path of travel from the public sidewalk to the accessible entrance of the casino.

3. **Front Entrance and Interior Path of Travel:** Defendants will provide an accessible front public entrance by extending the ramp at the current location in order to achieve a maximum slope of 8.33%. Additionally, defendants shall install an automatic door opener and handrails in conformance with Title 24 and ADAAG. To that end, defendants will need to request an unreasonable hardship exception from the building department to approve this configuration. Defendants will construct an extension to the building which will fully enclose the existing front entrances/exits. The extension shall be kept at the same temperature as the rest of the building interior. Alternatively, if defendants to not build an enclosed extension to the building, they shall correct the ramp as indicated and install a wheelchair lift or accessible ramp to connect the two levels on the interior of the building.

4. **Restrooms:** Defendants will provide one unisex accessible restroom, either by building a new accessible unisex restroom, or by renovating the existing women's room to make it unisex accessible and by building a new inaccessible women's room elsewhere. All restrooms must be entered from the interior of the building.

5. **Chip Teller Window:** Defendants will lower one chip teller window to no more than 34" above the finished floor, or create a separate pass-through window at no more than 34" above the finished floor.

**Attachment A to Consent Decree and Order**
**Richard Stickney v. California Grand Casino, Inc., et al.**
**CASE NO. C04-3552 CW**
Page 2 of 2

6. **Bar:** Defendants will create a 60" wide clear floor space for wheelchair seating and companion seating at the bar in conformance with Title 24 and ADAAG standards. If such seating space is on the upper level of the bar, then defendants will install a folding counter at least 60" wide and 19" deep at the upper bar. The folding counter shall be no higher than 34" above the finished floor and shall provide a minimum of 27" clearance from the finished floor to the bottom of the counter. Defendants will install signage, including the international symbol of accessibility, indicating this to be the accessible seating area and indicating that a companion chair is available upon request.

7. **Public Telephone:** Defendants will lower the pay phone to no more than 48" above the finished floor, or else remove the pay phone.