IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD STICKNEY,

        Plaintiff,

  v.

CALIFORNIA GRAND CASINO, INC., LAMAR V. "WILL" WILKINSON, and DOES 1-25, inclusive,

        Defendants.
                                          /

No. C 04-3552 CW

ORDER REGARDING ATTORNEYS' FEES

Plaintiff Richard Stickney moves for an award of attorneys' fees in the amount of $68,364, a 1.5 multiplier and litigation expenses and costs in the amount of $6,516. Defendants California Grand Casino, Inc., and Lamar V. Wilkinson oppose the motion. The matter was submitted on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Plaintiff's motion in part, awarding attorneys' fees in the amount of $62,752 and litigation expenses and costs in the amount of $6,516.

BACKGROUND

Defendants own and operate a casino in Pacheco, California. Plaintiff, a person with a disability who uses a wheelchair, alleges that when he attempted to patronize the casino, he discovered numerous aspects of the facility that were not accessible to him, including the parking lot, entrance, bar area and restroom. On August 25, 2004, Plaintiff filed a complaint, on

behalf of himself and others similarly situated, alleging violations of (1) California Civil Code §§ 54 and 54.1; (2) California Civil Code §§ 51 and 52; and (3) Title III of the Americans with Disabilities Act (ADA).  On November 1, 2005, Defendants filed an answer denying liability and pleading, in a conclusory fashion, forty-seven affirmative defenses, including that the casino was an historical landmark not subject to the ADA.

The parties held a joint site inspection on March 7, 2005. Plaintiff's expert Peter Margen prepared a report based on the results of the inspection.

After three settlement conferences with Magistrate Judge Maria-Elena James which focused on the scope of injunctive relief, the parties reached a settlement agreement.  Defendants agreed to pay Plaintiff a total of $15,000 in civil rights and personal injury damages.  Defendants also agreed to make various modifications to their facility, including installation of accessible parking spaces, an accessible path of travel from the public sidewalk, wheelchair seating at the bar, a unisex accessible restroom and a lower chip teller window and public phone.  See Rein Decl., Ex. 1, Consent Decree and Order, Attachment A.  The agreement provided that attorneys' fees would be decided by further negotiation or motion to the Court.  The Court entered judgment on September 13, 2005, reserving the issue of attorneys' fees for a post-judgment motion.

Plaintiff now moves to recover attorneys' fees in the amount of $68,364 with a 1.5 multiplier.  Thus, Plaintiff requests a total of $102,546 in fees.  In support of his request for fees, Plaintiff

2

submits declarations and time records indicating the hours billed by his attorneys and their staff. The declarations also state each attorney's hourly billing rate and years of experience. In particular, Mr. Rein and Ms. Barbosa have many years of experience in the field of disability access litigation. The following is a summary of this information:

| Attorney/Staff | Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| Paul Rein | 86.9 | $435 | $37,801 |
| Patricia Barbosa | 34.2 | $375 | $12,825 |
| Julie McLean | 65.2 | $250 | $16,300 |
| Scott Holmes | 11.5 | $125 | $1,438 |

In addition to these fees, Plaintiff requests reimbursement for $6,516 in litigation expenses and costs.

## LEGAL STANDARD

Plaintiff seeks attorneys' fees, litigation expenses and costs as the prevailing party pursuant to the ADA. Under the ADA's fee shifting provision, Plaintiff may be awarded, in the Court's discretion, "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Alternatively, Plaintiff seeks fees, expenses and costs because he obtained a result in the public interest pursuant to § 1021.5 of the California Code of Civil Procedure and §§ 54.3 and 55 of the Califoria Disabled Persons Act. The Court analyzes Plaintiffs' motion under the ADA standard, and discusses California law only where it provides for recovery different than the ADA. Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1137 (9th Cir. 2002).

If the district court determines that an applicant is a

3

prevailing party who should be awarded attorneys' fees, it must determine what fees are reasonable. Barrios, 277 F.3d at 1134. In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar." Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee, Jordan, 815 F.2d at 1262; however, the district court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

Determining a reasonable hourly rate is a critical inquiry. Jordan, 815 F.2d at 1262 (citing Blum v. Stenson, 465 U.S. 886, 895 n.11). In establishing the reasonable hourly rate, the district court should take into account (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, (4) the results obtained, Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988), and (5) the contingent nature of the fee agreement. City of Burlington v. Dague, 505 U.S. 557, 562-63 (1992). These factors are subsumed in the initial lodestar calculation, and should not serve as independent bases for adjusting fee awards. Morales, 96 F.3d at 363-64. Reasonable fees are generally calculated according to the prevailing market rates in the forum district. Gates v.

4

1  Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

2     The Supreme Court has recognized that, while it is appropriate
3  for the district court to exercise its discretion in determining an
4  award of attorneys' fees, it remains important for the district
5  court to provide "a concise but clear explanation of its reasons
6  for the fee award." Hensley v. Eckerhart, 461 U.S. 424, 437
7  (1983); Hall v. Bolger, 768 F.2d 1148, 1151 (9th Cir. 1985) (in
8  computing an award, the district court should provide a "detailed
9  account of how it arrives at appropriate figures for 'the number of
10 hours reasonably expended' and 'a reasonable hourly rate'")
11 (quoting Blum, supra, 465 U.S. at 898).

                              DISCUSSION

13    The parties agree that Plaintiff is entitled to reasonable
14 attorneys' fees as the prevailing party.  Defendants object to the
15 amount of his proposed award as unreasonable and excessive.

16 I.  Number of Hours Billed

17    The Court begins by determining the number of hours reasonably
18 expended on this case.  Plaintiff was represented by three
19 attorneys, Paul Rein, Patricia Barbosa and Julie McLean, with the
20 assistance of one senior paralegal, Scott Holmes.

21    Defendants specifically object to the following time spent on
22 this case: (1) the 26.2 total hours spent by Mr. Rein, Ms. Barbosa
23 and Ms. McLean "conferencing" with one another; (2) the twelve
24 total hours spent by Ms. McLean drafting the complaint and by Mr.
25 Rein and Ms. Barbosa reviewing the complaint; and (3) the 5.2 hours
26 spent by Mr. Rein and the 8.1 hours spent by Ms. Barbosa in
27 connection with a settlement conference.

5

1   With respect to the 26.2 hours spent in conference with one
2 another (including 10 hours by Ms. Barbosa, 8.4 hours by Mr. Rein
3 and 7.8 hours by Ms. McLean), the Court finds that the time billed
4 is not unreasonable considering the length of the case and the
5 amount of negotiation involved in reaching the settlement
6 agreement.  Defendants' objection to the amount of time spent by
7 Plaintiff's attorneys in conference is overruled.
8   With respect to the amount of time spent drafting and
9 reviewing the complaint, the Court finds that the six hours spent
10 by Ms. McLean is not excessive.  The three hours each spent by Mr.
11 Rein and Ms. Barbosa in reviewing the complaint, however, is
12 somewhat duplicative and excessive.  Therefore, the Court reduces
13 by 1.5 hours each the amount of time reasonably spent by Mr. Rein
14 and Ms. Barbosa reviewing the complaint.
15   Finally, Defendants object to the amount of time spent on the
16 May 3, 2005 conference.  According to the minute entry, this
17 meeting lasted just one and a half hours.  <u>See</u> Docket No. 11.
18 According to their declarations, Mr. Rein spent 5.2 hours and Ms.
19 Barbosa spent 5.1 hours traveling to San Francisco, holding a post-
20 conference meeting with their client, and returning to their
21 Oakland office.  Rein Decl., Ex. 6, at 4; Barbosa Decl., Ex. 1, at
22 4.  In addition, the day before, Ms. Barbosa spent three hours and
23 Mr. Rein spent at least two hours preparing for the settlement
24 conference (in addition to significant amounts of time spent
25 earlier to prepare the settlement proposal).  According to counsel
26 for Defendants, the time spent at this settlement conference was
27 wasted because Plaintiff did not serve Defendants with a demand in
28

6

time for Defendants to review it ahead of time. Johnson Decl. ¶ 11. Plaintiff generally denies causing any unnecessary delay in the case, but Mr. Rein and Ms. Barbosa do not deny failing to serve Defendants with a demand in a timely manner. Under the circumstances of the case, however, the Court finds that the amount of time Ms. Barbosa and Mr. Rein spent preparing for the first settlement conference, traveling to San Francisco, and meeting afterwards with their client is reasonable. Nor does the fact that two attorneys participated on Plaintiff's behalf mean that their hours were excessive. See McGrath v. County of Nevada, 67 F.3d 248, 255 (9th Cir. 1995) (quoting Kim v. Fujikawa, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989)) ("the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort"). Accordingly, the Court finds that the time spent in connection with the May 5 settlement conference was reasonable.

In sum, the Court finds that Mr. Rein reasonably spent 85.4 hours, Ms. Barbosa reasonably spent 32.7 and Ms. McLean reasonably spent 65.2 hours on this case.[1]

II. Hourly Rate

Defendants argue that Plaintiff's counsel's rates are unreasonable because this was not a complex case.

This Court has previously found rates of $395, $345 and $125 per hour to be reasonable in the San Francisco Bay Area market for

---

[1] This order addresses the total fees to which Plaintiff is entitled. Although the Court discusses each attorney's hours individually, it does so only to calculate the amount of Plaintiff's award. The Court does not decide how the fees should be divided amongst Plaintiff's attorneys.

7

Mr. Rein, Ms. Barbosa and Mr. Holmes, respectively, in light of each attorney's education, experience, knowledge and qualifications, for work done in 2000 through 2004. See <u>George v. Bay Area Rapid Transit District</u>, No. C 00-2206 CW (N.D. Cal., Mar. 18, 2004), Order Granting in Part Pls.' Mot. for Att'ys Fees, 13-17.

Mr. Rein and Ms. Barbosa now state that their hourly rates have increased in 2005 to $435 and $375, respectively. However, they have not submitted any evidence to support these recent increases. In fact, according to Plaintiff's "Statement of Bases for Public Interest Attorney Fee Rates for Years 2005-2006," Rein Decl., Ex. 5, it would appear that in another case also filed in 2004, <u>Marvin Huezo v. Sizzler USA, Inc.</u>, No. CV 04-4868 (C.D. Cal 2005), Judge Audrey Collins approved rates of $395 and $345 for Mr. Rein and Ms. Barbosa.

Furthermore, as Defendants argue, this was a straightforward case in which no motion practice was needed, in contrast to most of the other cases cited by Plaintiff as evidence to support their requested billing rates, and it presented no difficult or novel issues that would warrant a higher hourly rate. Plaintiff disputes this characterization, noting that, to Plaintiff's counsel's knowledge, this is the first successful access case brought against a California gambling casino. However, Plaintiff does not explain how this made it more complex than any of the many other types of access cases which Plaintiff's counsel have litigated in the past. Nor does the fact that Defendants denied all liability render this an especially complex or difficult case, in light of the parties'

8

ability to settle without motion practice.

Therefore, the Court finds that $395 is still a reasonable rate of compensation for Mr. Rein, and $345 is a reasonable rate of compensation for Ms. Barbosa.

Julie McLean is an associate attorney who has worked at the Law Offices of Paul L. Rein since 2003. McLean Decl. ¶ 3. She previously worked at the Deaf Women's Legal Project at the Law Center for Families in Oakland. Id. She is a 1997 graduate of Boalt Hall School of Law at the University of California at Berkeley. Id. She states that her current billing rate of $250 per hour was approved by the court in Marvin Huezo v. Sizzler USA, Inc., CV 04-4868 ABC (C.D. Cal.). Id. ¶ 10. The Court finds that Ms. McLean's $250 per hour billing rate is reasonable.

III.  Multiplier

Plaintiff asks that the Court enhance the fee award by a 1.5 multiplier pursuant to California Civil Code § 1021.5. A mupltiplier is available to recognize factors not already included in the lodestar calculation, such as "extraordinary skill." Ketchum v. Moses, 24 Cal. 4th 1122, 1138 (2001). Plaintiff's request is based on the risk incurred by pursuing this action on a contingent basis, the public interest outcome of this case, the results obtained and the preclusion of other employment while working on this case. Although it is within the Court's discretion to award such an enhancement, the Court does not find that such a multiplier is justified here. While Plaintiff's counsel did take this case on a contingent basis and were successful in litigating it, their risks and results are not extraordinary. Therefore,

9

Plaintiff's request for a multiplier is denied.

IV.   Litigation Expenses and Costs

Recovery of reasonable litigation expenses and costs is specifically authorized under the ADA.  42 U.S.C. § 12205.  These expenses may include expert consultant fees.  Plaintiff seeks litigation expenses and costs in the amount of $6,516, including $5,402 for Mr. Margen's consulting fees.  Mr. Margen surveyed the casino and prepared a report on his findings, billed at a rate of $185 per hour.  The Court finds this amount to be reasonable.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part Plaintiff's motion for attorneys' fees, litigation expenses and costs (Docket No. 28).  The Court awards Plaintiff $62,752 in attorneys' fees, and $6,516 in litigation expenses and costs. Defendants shall pay this amount forthwith unless the parties stipulate otherwise.

IT IS SO ORDERED.

Dated: 7/10/06

CLAUDIA WILKEN
United States District Judge

10